UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER O'NEILL,

    *Petitioner*,

vs.

RENEE BAKER, *et al.*,

    *Respondents*.

3:11-cv-00901-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis*, his motion (#1-1) for leave to file a petition in excess of the allotted amount, and his motion (#1-3) for appointment of counsel. The Court finds that petitioner does not have sufficient funds currently on hand to pay the filing fee, and the pauper application therefore will be granted. The motion for leave to file a longer petition also will be granted.

    Following review, the Court will grant the motion for appointment of counsel, taking into account the lengthy sentencing structure of concurrent life sentences with the possibility of parole after ten years, the number and complexity of the claims and potential procedural issues, and the potential that substantial time may remain in the federal limitation period for petitioner to present claims through a counseled amended petition.[1]

---

[1] The Court makes no conclusive determination as to the federal limitation period. Petitioner and his counsel at all times remain responsible for calculating the federal limitation period and timely filing claims. Neither any schedule established herein nor any extension granted shall operate, in and of itself, to toll the running of the federal limitation period.

Petitioner should note the following, however.

Federal habeas counsel is not being appointed to act as a mere scrivener to restate and reassert each and every allegation and claim presented by petitioner *pro se*. The Court is not appointing counsel to pursue claims or arguments that, in counsel's independent professional judgment, have no arguable merit in a federal habeas corpus proceeding.

Petitioner thus should not assume that the Court will automatically appoint replacement counsel in the event that petitioner and appointed counsel do not agree on what claims or arguments should be presented. Appointed counsel's task is to pursue claims that counsel, in his or her own independent professional judgment, believes that a court may find meritorious, not to present claims that petitioner, who is not an attorney, believes to be meritorious. Counsel is under absolutely no obligation to "follow petitioner's instructions" as to what claims or arguments to present and how to present them. Accordingly, presenting the Court with an alleged conflict between counsel and petitioner based upon a disagreement over how to pursue this case will not necessarily lead to an appointment of replacement counsel. Subject to the circumstances presented at the time, the Court potentially instead could find that the interests of justice no longer warrant the continued appointment of any counsel, based upon the premise that if petitioner has such an allegedly irreconcilable conflict with one competent attorney, the situation is not likely to be different with another competent attorney. Counsel, again, is not being appointed to pursue claims that petitioner believes to be meritorious but, instead, is being appointed to pursue claims that, in counsel's independent professional judgment, have arguable merit. Competent federal habeas counsel potentially may not pursue all of the claims, allegations, and arguments in the current pleading.

Moreover, the Court will not entertain *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue this matter only through filings by counsel.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and accompanying motions.

1  IT FURTHER IS ORDERED that the motion for leave to file a petition in excess of the allotted
2 amount is GRANTED and that the Clerk shall reflect in docketing the motion that the motion is granted
3 by this order, in a manner consistent with the Clerk's current practice.

4  IT FURTHER IS ORDERED that the motion for counsel is GRANTED and that the Clerk shall
5 reflect in docketing the motion that the motion is granted by this order, in a manner consistent with the
6 Clerk's current practice.  The counsel appointed will represent petitioner in all proceedings related to
7 this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

8  IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed
9 as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate
10 an inability to do so.  If the Federal Public Defender is unable to represent petitioner, the Court then
11 shall appoint alternate counsel.  A deadline for the filing of an amended petition will be set after counsel
12 has entered an appearance.  The Court anticipates setting the deadline for one hundred fifty (150) days
13 from entry of the scheduling order based upon the current record.

14  IT FURTHER IS ORDERED that the Nevada Attorney General shall be added as counsel for
15 respondents and that informal electronic service shall be made upon her office in a manner consistent
16 with the Clerk's current practice.   Respondents' counsel shall enter a notice of appearance within
17 twenty-one (21) days of entry of this order, but no further response shall be required from respondents
18 until further order of this Court.

19  The Clerk accordingly shall send a copy of this order (along with, in a manner consistent with
20 the Clerk's current practice, copies of the papers submitted by petitioner) to the *pro se* petitioner, the
21 Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division.

22  DATED this 20th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE