# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER O'NEILL,

    *Petitioner*,

vs.

RENEE BAKER, *et al.*,

    *Respondents*.

3:11-cv-00901-LRH-VPC

ORDER

    This represented habeas matter comes before the Court for initial review of the counseled amended petition (#13), on petitioner's motion (#24) for leave to file certain exhibits under seal, and respondents' motion (#26) for an extension of time to respond to the motion to seal.

    On the motion to seal, the Court is persuaded that the presentence reports as well as parole and probation records that were filed under seal in the state court should be filed under seal herein. The motion will be granted, and respondents' motion for an extension of time in connection with a now-filed response will be granted *nunc pro tunc*.

    Turning to initial review, at least from the Court's preliminary review of the state and federal procedural history, it does not appear that there is a timeliness issue in the case, including as to claims in the counseled amended petition. If the Court understands the timeline correctly, given the near-continuous pendency of direct or state collateral review proceedings, the federal limitation period did not begin running in this case until after December 13, 2011. The counseled federal amended petition was filed on November 21, 2012, within a year of that date. It thus does not appear at least on this

review that there will be any timeliness or relation-back issues as to claims presented in the counseled amended petition.

Given the length of the amended petition and the extensive state court writ history, the Court will allow ninety days for respondents to review the matter and respond. The Court would emphasize that if respondents are going to raise any exhaustion defenses, all such defenses must be raised in the single consolidated motion to dismiss. The Court emphasizes this point because respondents too frequently are continuing to embed belated exhaustion and other defenses in the answer despite scheduling orders, such as the present one, specifically directing respondents to assert all procedural defenses in a single consolidated motion to dismiss. The Court simply does not have the resources to be working on the merits of a case only to find that the work must be stopped to again take up exhaustion issues and possibly put the case through yet another remedy election cycle by the petitioner under *Rose v. Lundy*, 455 U.S. 509 (1982). While the exhaustion defense may not be subject to waiver, counsel nonetheless remain subject to the authority of the Court with regard to compliance with court orders. There is nothing about a potential exhaustion defense that cannot be ascertained on a thorough comparison of the state and federal pleadings prior to the time that counsel responds on the merits.

IT THEREFORE IS ORDERED that respondents shall have **ninety (90) days** from entry of this order within which to respond, including potentially by motion to dismiss, to the petition, as amended. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to

dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition.

IT FURTHER IS ORDERED that petitioner's motion (#24) for leave to file certain exhibits under seal is GRANTED, with regard to the filing of the exhibits in #23 under seal.

IT FURTHER IS ORDERED that respondents' motion (#26) for an extension of time to respond to the motion to seal is GRANTED *nunc pro tunc*, in connection with the response (#28) filed on December 17, 2012.

DATED this 12th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE