UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER O'NEILL,<br><br>　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, et al.,<br><br>　　　　　　Respondents. | Case No. 3:11-cv-00901-MMD-VPC<br><br>ORDER |

　　　　This represented habeas matter comes before the Court on petitioner's motion for health status check (dkt. no. 34).

　　　　Petitioner, through the Federal Public Defender, moves in this habeas case for an order directing respondents to perform allegedly required medical tests, including a liver biopsy, and to provide a health status check report to the Court regarding his hepatitis C. Petitioner seeks such a health status check so that the Court "can determine the future course of this litigation," apparently in connection with possibly expediting the matter. The motion asserts that, after counsel became concerned about petitioner's health, an attorney and paralegal went to see petitioner on February 21, 2013. According to the motion, petitioner showed them, "through his shirt," that he had a large lump on the right side of his "stomach" – apparently referring to his abdomen or trunk – where his liver is located.

　　　　Petitioner has a civil rights action currently pending in this Court directed to the very same hepatitis C health care issues, in Case No. 3:12-cv-00030-LRH-WGC. In that action, the Court denied petitioner's motion for appointment of counsel. The Court also denied a motion seeking the appointment of a court-ordered expert hepatologist sought by plaintiff to assist the Court in assessing the adequacy of the medical care

provided for his hepatitis C.  The Court further denied a motion for preliminary injunction specifically seeking to have petitioner evaluated by a liver specialist and given a liver biopsy.  The Court noted that the evidence presented reflected a difference of opinion between petitioner and the medical providers regarding the proper course of treatment for his hepatitis C.  Petitioner has appealed from that denial and his appeal currently is pending before the Ninth Circuit.  *See* dkt. nos. 10, 25, 32, 34, 63, 72 and 75, in Case No. 3:12-cv-00030-LRH-WGC.

The Court understands counsel's concern.  However, counsel neither is qualified to conduct a medical examination of petitioner "through his shirt" nor is appointed in this habeas action to pursue his civil rights litigation indirectly through this litigation. Whatever relief needs to be sought with regard to petitioner's hepatitis C must be sought by Mr. O'Neill in the civil rights litigation.  The undersigned will not entertain an essentially collateral attack on the orders and rulings made in the civil rights action under the guise of "determining the future course of this litigation."  The future course of this litigation is clear, with respondents' answer currently due on July 15, 2013, and petitioner's counseled reply due thirty (30) days from service of the answer.  If counsel believes, on the information available, that expedited action is warranted, petitioner can move for such relief.  Should the Court grant such a motion — to put petitioner's case ahead of the cases of other habeas petitioners who also allege that they are held in violation of the Constitution — it will proceed as promptly as it is able.

IT IS THEREFORE ORDERED that petitioner's motion for health status check (dkt. no. 34) is DENIED.

DATED THIS 17th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE