1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   CHRISTOPHER O'NEILL,                    Case No. 3:11-cv-00901-MMD-VPC
10                          Petitioner,                 ORDER
11        v.
12   RENEE BAKER, et al.,
13                          Respondents.

14          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
15   Petitioner filed a counseled first amended petition (dkt. no. 13). Before the Court is
16   respondents' motion to dismiss (dkt. no. 44). Petitioner has opposed the motion (dkt. no.
17   50), and respondents replied (dkt. no. 54).

18   **I.      PROCEDURAL HISTORY AND BACKGROUND**

19          On June 7, 2005, petitioner Christopher O'Neill ("petitioner") was convicted
20   pursuant to jury verdicts of three counts of possession of a forged instrument, felonies in
21   violation of NRS § 205.110 (exhibits to first amended petition (dkt. no. 13, Exhs. 24, 25,
22   26, 30)).[1] On August 25, 2005, petitioner was adjudicated a habitual criminal, sentenced
23   to life with the possibility of parole, with a minimum parole eligibility of ten years on all
24   three counts, to be served concurrently, and the judgment of conviction was entered.
25   (Exhs. 29, 30.) Petitioner was not given credit for time served. (Exh. 30.) An amended
26   judgment of conviction was filed on April 5, 2007. (Exh. 52.)

27   _____

28          [1]All exhibits referenced in this order are exhibits to the amended petition (dkt. no. 13) and are found at dkt. nos. 14-23.

1    Petitioner appealed, and the Nevada Supreme Court affirmed his conviction and
2    sentence on March 8, 2007. (Exh. 50; *O'Neill v. State*, 153 P.3d 38, 45 (Nev. 2007).)
3    Remittitur issued on April 3, 2007. (Exh. 51.)

4    On April 30, 2007, petitioner filed his first state postconviction petition for writ of
5    habeas corpus. (Exh. 53.) Following an evidentiary hearing, the state district court
6    denied the petition on July 21, 2010. (Exhs. 74, 82, 94, 102, 104, 108.) The Nevada
7    Supreme Court affirmed the denial of the petition on November 17, 2011, and remittitur
8    issued on December 13, 2011. (Exhs. 179, 181.)

9    On June 6, 2007, petitioner filed a motion for a new trial, which the state district
10   court denied on July 24, 2007. (Exhs. 57, 60.) On November 19, 2008, the Nevada
11   Supreme Court affirmed the denial of the motion for new trial, and remittitur issued on
12   December 16, 2008. (Exhs. 215, 216.)

13   On July 25, 2010, petitioner filed a motion to correct or modify his sentence,
14   which the state district court denied on September 1, 2010. (Exhs. 105, 123.) The
15   Nevada Supreme Court affirmed the denial of the motion on February 9, 2011, and
16   remittitur issued on March 7, 2011. (Exhs. 154, 159.)

17   On August 24, 2010, petitioner filed his second state postconviction habeas
18   petition. (Exh. 119.) The state district court dismissed the petition on October 19, 2011.
19   (Exh. 173.) The Nevada Supreme Court affirmed the dismissal of the petition on June
20   13, 2012, and remittitur issued on July 10, 2012. (Exhs. 210, 211.)

21   Petitioner dispatched this federal petition for writ of habeas corpus on December
22   8, 2011 (dkt. no. 4). Through counsel, petitioner filed an amended petition on November
23   21, 2012 (dkt. no. 13). Respondents argue that the petition should be dismissed
24   because several grounds are unexhausted and/or are procedurally barred.

25   **II.    LEGAL STANDARD FOR EXHAUSTION**

26   A federal court will not grant a state prisoner's petition for habeas relief until the
27   prisoner has exhausted his available state remedies for all claims raised. *Rose v.*
28   *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state

2

courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts

1   or evidence which place the claim in a significantly different posture than it was in the

2   state courts, or where different facts are presented at the federal level to support the

3   same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

4   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455,

5   458 (D. Nev. 1984).

6   **III.    RELEVANT GROUNDS IN INSTANT PETITION**

7          Petitioner sets forth six grounds for relief in his amended petition (dkt. no. 13, pp.

8   19-50). Respondents argue that grounds 1(A), 1(B), 3, and 5 are unexhausted (dkt. no.

9   44, pp. 20-21).[2]

10         **A.    Ground 1(A)**

11         In ground 1(A) of the federal petition, petitioner alleges that his trial counsel

12   rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment

13   rights when he failed to communicate with petitioner prior to trial resulting in a failure to

14   present a full defense at trial (dkt. no. 13, pp. 19-26).

15         The Court agrees with petitioner that respondents' arguments regarding ground

16   1(A) are indecipherable. Respondents contend that petitioner's claim in ground 1(A) is

17   that his counsel was ineffective for failing to challenge the admissibility of the

18   handwriting expert's testimony on the basis that the prosecution did not authenticate the

19   handwriting exemplar and that that claim is unexhausted (dkt. no. 44, p. 20). However,

20   that claim is not presented as part of ground 1(A). The Court has examined ground 1(A)

21   in the instant petition, compared it to the grounds raised in petitioner's appeal of the

22   denial of his first state postconviction petition to the Nevada Supreme Court (Exh. 134,

23   pp. 24-35), and finds that ground 1(A) is exhausted.

24         **B.    Ground 1(B)**

25         In ground 1(B) of the federal petition, petitioner alleges that his trial counsel

26   rendered ineffective assistance of counsel in violation of his Sixth and Fourteenth

27   

28         [2]As will be discussed below, respondents claim in a heading only that ground
     1(C) is also unexhausted, but fail to include any supporting argument.

4

Amendment rights when he failed to object to the state's handwriting expert's testimony on authentication grounds (dkt. no. 13, pp. 26-29). Petitioner explains that the state's expert testified that he compared the handwriting on one of the forged checks to a "known" handwriting sample from petitioner, namely a letter and an envelope. (*Id.* at 26.)  Petitioner's trial counsel failed to object to the fact that the "known" handwriting sample was never authenticated. (*Id.* at 27.) The state relied heavily on the expert's testimony. (*Id.* at 28.) Petitioner states that he presented this claim to the Nevada Supreme Court when he appealed the denial of his first state postconviction petition (dkt. no. 13, p. 19). He also argues, in his opposition to the motion to dismiss, that in affirming the denial of his second state postconviction petition, the Nevada Supreme Court stated that it had already considered and rejected this claim (dkt. no. 50, p. 13).

Having carefully reviewed the record, including petitioner's briefs to the Nevada Supreme Court in his appeals of the denial of his first state postconviction petition and the dismissal of his second state postconviction petition, as well as the Nevada Supreme Court's orders affirming the state district court in both instances, this Court agrees with respondents that petitioner did not raise this claim in his appeal of his first state postconviction petition. The Court notes in particular that in its order affirming the dismissal of the second state postconviction petition, the Nevada Supreme Court stated that it had already "considered and rejected [petitioner's] claim that counsel was ineffective for failing to present a handwriting expert at trial" when it affirmed the denial of petitioner's ineffective assistance claims in his first state postconviction petition. (Exh. 210, p. 3.) That is not the claim that petitioner now seeks to raise as ground 1(B) of his federal petition. Accordingly, ground 1(B) is unexhausted.

### C.     Ground 1(C)

In ground 1(C) of the federal petition, petitioner claims that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when trial counsel failed to timely move to suppress or otherwise object to the evidence seized by the parole officers during their searches of petitioner's person and vehicle, the

admission of which was essential to convict petitioner of the crimes charged (dkt. no. 13, p. 29). In a heading in the motion to dismiss, respondents included ground 1(C) as a ground that they contended was unexhausted (dkt. no. 44, p. 14). Respondents provide no argument, however, in support of this general contention that ground 1(C) is unexhausted. Further, the Court concludes that petitioner raised this claim in his appeal of the denial of his first state postconviction petition to the Nevada Supreme Court. (Exh. 134, pp. 14-20.) Accordingly, ground 1(C) is exhausted.

### D.    Ground 3

In ground 3 of his federal petition, petitioner contends that he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when the court failed to conduct an appropriate inquiry into his motion to replace existing appointed counsel with new appointed counsel (dkt. no. 13, pp. 36-39). The claim that petitioner presented to the Nevada Supreme Court in his appeal of the denial of his first state postconviction petition as ground 4 was under the following heading:

> The district court abused its discretion when finding that [trial counsel] was effective when he failed to communicate with [petitioner] before jury trial in order to prepare his defense, advising [petitioner] to wait until the motion to confirm hearing to present his motion for new counsel, knowing that they had irreconcilable differences under *Garcia* and *Young*, and knowing that it would be too late to receive new counsel because of the late date.

(Exh. 134, p. 25.)

Respondents argue that petitioner's substantive claim that the court erred in failing to properly inquire into petitioner's motion to replace counsel is unexhausted (dkt. no. 44, pp. 20-21). However, in petitioner's brief appealing the denial of his first state postconviction petition, under ground 4, he further argued that he "should have received new counsel or represented himself" and that "[w]hen this Court reviews the transcript of the Motion to Confirm Trial, from the Friday before the Monday trial, it is clear that the district court erred when not fully canvassing [petitioner] regarding the extent of the conflict with [trial counsel]." (Exh. 134, pp. 25-26.) He also included the brief colloquy between the court and petitioner regarding a potential conflict and also set forth many

areas of conflict that he maintained existed between himself and counsel. (*Id* at 26-29.)
Petitioner further argued that: "Because of the extent of the conflict, new counsel should
have been appointed. However, the district court made no inquiry about the extent of
the conflict." (*Id.* at 29.) Particularly in light of the inherent difficulty in separating a claim
of conflict with counsel with a claim of ineffective assistance of counsel, this Court finds
that ground 3 is exhausted.

### E.      Ground 5(A)

In ground 5(A) of the federal petition, petitioner claims that he was denied his
right to the effective assistance of appellate counsel under the Fifth, Sixth, and
Fourteenth Amendments when counsel failed to raise on appeal that the trial court erred
in denying the mistrial application after an officer mentioned the parole violation report
prepared in his case (dkt. no. 13, p. 43). Petitioner now concedes that ground 5(A) is
unexhausted (dkt. no. 50, pp. 15-16).

### F.      Ground 5(B)

In ground 5(B) of the federal petition, petitioner claims that he was denied his
right to the effective assistance of appellate counsel under the Fifth, Sixth, and
Fourteenth Amendments when counsel failed to raise on direct appeal that the
handwriting expert's testimony was inadmissible because the exemplar was not
authenticated (dkt. no. 13, p. 43). Respondents argue that this claim is unexhausted
(dkt. no. 44, p. 21).

Petitioner acknowledges that this claim has not been presented to the Nevada
Supreme Court (dkt. no. 50, p. 16). He argues that the claim is "technically" exhausted
because if he were to attempt to return to state court and raise this claim, the Nevada
Supreme Court would conclude that it is procedurally defaulted. (*Id.*) This argument is
unavailing. Ineffective assistance of trial or appellate counsel may satisfy the cause
requirement to overcome a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488-489
(1986). However, for a claim of ineffective assistance of counsel to satisfy the cause
requirement, the independent claim of ineffective assistance of counsel, itself, must first

be presented to the state courts. *Murray*, 477 U.S. at 488-489. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). Accordingly, ground 5(B) is unexhausted.

## IV.    PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that grounds 1(B), 5(A) and 5(B) are unexhausted. The petition is thus a "mixed petition," containing both exhausted and unexhausted claims, and therefore, petitioner, through counsel, has these options:

1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.    He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state

court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 44) is granted in part and denied in part as follows:

1.   Grounds 1(B), 5(A) and 5(B) are unexhausted.

2.   Grounds 1(A), 1(C), and 3 are exhausted.

It is further ordered that petitioner shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving

grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Reno.

DATED THIS 12th day of January 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE