UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER O'NEIL,<br><br>                          Petitioner,<br>     v.<br><br>RENEE BAKER, et al.,<br><br>                         Respondents. | Case No.3:11-cv-00901-MMD-VPC<br><br>ORDER |

This habeas petition is before the Court pursuant to petitioner's counseled motion for a stay in accordance with *Rhines v. Weber* (dkt. no. 57). Respondents opposed (dkt. no. 59), and petitioner replied (dkt. no. 61).

On January 12, 2015, this Court granted respondents' motion to dismiss in part, concluding that three grounds are unexhausted: ground 1(B) — ineffective assistance of trial counsel for failing to object to the state's handwriting expert's testimony on authentication grounds; ground 5(A) — ineffective assistance of appellate counsel for failing to raise on direct appeal that trial court erred in denying a mistrial after an officer mentioned petitioner's parole violation report; and ground 5(B) — ineffective assistance of appellate counsel for failing to raise on direct appeal that the handwriting expert's testimony was inadmissible because the exemplar was not authenticated (dkt. no. 56 at 9).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only

appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. Thus, the Court held that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. The Court explained that restricting the availability of the stay-and-abeyance procedure to only those cases that satisfy this three-part test protects AEDPA's "twin purposes" of promoting finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court. *Id.* at 277-78.

Here, petitioner argues that this case satisfies the test for a stay under the *Rhines* standard because he can demonstrate good cause for failure to exhaust. (Dkt. no. 57.) Respondents oppose; they contend that a *Rhines* stay is the exception rather than the rule and that petitioner has failed to show good cause for his failure to exhaust. (Dkt. no. 59.)

There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In *Rhines*, the Supreme Court did not explain the standard with precision. *See* 544 U.S. at 275-278. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278), the Court recognized in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust.

The Ninth Circuit's discussion of the meaning of good cause under *Rhines* is also sparse. In *Jackson v. Roe*, 425 F.3d 654, 661-662 (9th Cir.2005),the Ninth Circuit held that good cause does not require a showing of "extraordinary circumstances."

2

Subsequently, that court held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.2008). The court reasoned that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he or she was unaware of his or her attorney's failure to exhaust. *Id*.

In *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014), the Ninth Circuit reaffirmed that a "bald assertion" cannot amount to a showing of good cause; however, the court explained that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." In *Blake*, a capital case, petitioner argued that he failed to exhaust his ineffective assistance of trial counsel claim due to ineffective assistance of state postconviction appellate counsel. *Id*. Petitioner claimed that his postconviction counsel failed to conduct independent investigation or retain experts in order to discover facts underlying his ineffective assistance of trial counsel claim — evidence that petitioner was subjected to severe physical and emotional abuse as a child and suffered from severe brain damage and psychological disorders. *Id*. Petitioner supported his good cause argument with evidence compiled by his federal postconviction counsel of his abusive upbringing and history of mental illness in the form of neuropsychological and psychological evaluation reports and thirteen declarations from family and friends that described the "abhorrent conditions of [petitioner's] upbringing and family history, in extensive and gruesome detail." *Id.* No evidence of petitioner's background had ever been presented to Nevada state courts. The Ninth Circuit held that (1) ineffective assistance of postconviction counsel can be good cause for a *Rhines* stay; and (2) the petitioner in *Blake* established good cause by presenting a concrete and reasonable excuse, supported by evidence that his state postconviction appellate counsel failed to discover, investigate, and present to the state courts readily available evidence.

///

Here, petitioner argues that he had good cause for failure to exhaust. First, he contends that he had a reasonable confusion as to whether he exhausted ground 1(B) — ineffective assistance of trial counsel for failing to object to state's handwriting expert's testimony on authentication grounds — because, while state postconviction counsel failed to raise this ground to the Nevada Supreme Court, petitioner attempted to raise it in his second state postconviction petition, filed *pro se*. (Dkt. no. 57 at 5-6.) Second, he points out that he raised the ineffective assistance of appellate counsel claims that are now federal grounds 5(A) and 5(B) in his first state postconviction, filed *pro se*, but his subsequently-appointed counsel did not include those claims in the supplemental petition. (*Id*. at 8.)

Next, he asserts that his claims are not plainly meritless. (*Id*. at 9.) With respect to the issue of the handwriting exemplar implicated in grounds 1(B) and 5(B), he argues that state law specifically requires that a handwriting exemplar be authenticated before it can be introduced into evidence. (*Id.*) He also indicates that trial counsel fully preserved the issue of the allegedly improper parole report reference (ground 5(A), including by making two requests for a mistrial. (*Id*. at 10.) Finally, he argues that he timely filed two state postconviction petitions as well as his federal petition and has no incentive to delay resolution of his case. (*Id*. at 10-11.)

The Court concludes that petitioner has set forth sufficient specific facts regarding his confusion as to whether he exhausted ground 1(B) and regarding ineffective assistance of state postconviction counsel to demonstrate good cause for failure to exhaust his claims. The unexhausted grounds are not plainly meritless, and there is no indication that he engaged in dilatory tactics. Accordingly, the Court grants petitioner's request for stay and abeyance.

It is therefore ordered that petitioner's motion for issuance of stay and abeyance (dkt. no. 57) of this federal habeas corpus proceeding is granted.

It is further ordered that respondents' motion to extend time to oppose the motion for stay (dkt. no. 58) is granted *nunc pro tunc*.

4

It is further ordered that petitioner's motion to extend time to reply in support of the motion to stay (dkt. no. 60) is granted *nunc pro tunc*.

It is further ordered that this action is stayed pending final resolution of petitioner's state postconviction proceedings.

It is further ordered that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within forty-five (45) days of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court postconviction proceedings.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 19th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE