UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHRISTOPHER O'NEILL,

Petitioner,

v.

RENEE BAKER, *et al.,*

Respondents.

Case No. 3:11-cv-00901-MMD-VPC

ORDER

This action is a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' second motion to dismiss certain grounds in the first-amended petition. (ECF No. 68.) Petitioner Christopher O'Neill opposed, and respondents replied. (ECF Nos. 69, 72.)

I.   **PROCEDURAL HISTORY & BACKGROUND**

On June 7, 2005, O'Neill was convicted pursuant to jury verdicts of three counts of possession of a forged instrument, felonies in violation of NRS § 205.110. (Exhs. 24, 25, 26, 30).[1] On August 25, 2005, O'Neill was adjudicated a habitual criminal, sentenced to life with the possibility of parole, with a minimum parole eligibility of ten years on all three counts, to be served concurrently, and the judgment of conviction was entered. (Exhs. 29, 30.) Petitioner was not given credit for time served. (Exh. 30.) An amended judgment of conviction was filed on April 5, 2007. (Exh. 52.)

---

[1] Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 13, and are found at ECF Nos. 14-23, 64.

O'Neill appealed, and the Nevada Supreme Court affirmed his convictions and sentence on March 8, 2007. (Exh. 50); *O'Neill v. State*, 153 P.3d 38, 45 (Nev. 2007).[2] Remittitur issued on April 3, 2007. (Exh. 51.)

On April 30, 2007, O'Neill filed his first state postconviction petition for writ of habeas corpus. (Exh. 53.) Following an evidentiary hearing, the state district court denied the petition on July 21, 2010. (Exhs. 74, 82, 94, 102, 104, 108.) The Nevada Supreme Court affirmed the denial of the petition on November 17, 2011, and remittitur issued on December 13, 2011. (Exhs. 179, 181.)

On June 6, 2007, O'Neill filed a motion for a new trial, which the state district court denied on July 24, 2007. (Exhs. 57, 60.) On November 19, 2008, the Nevada Supreme Court affirmed the denial of the motion for new trial, and remittitur issued on December 16, 2008. (Exhs. 215, 216.)

On July 25, 2010, O'Neill filed a motion to correct or modify his sentence, which the state district court denied on September 1, 2010. (Exhs. 105, 123.) The Nevada Supreme Court affirmed the denial of the motion on February 9, 2011, and remittitur issued on March 7, 2011. (Exhs. 154, 159.)

On August 24, 2010, O'Neill filed his second state postconviction habeas petition. (Exh. 119.) The state district court dismissed the petition on October 19, 2011. (Exh. 173. The Nevada Supreme Court affirmed the dismissal of the petition on June 13, 2012, and remittitur issued on July 10, 2012. (Exhs. 210, 211.)

O'Neill dispatched this federal petition for writ of habeas corpus on December 8, 2011. (ECF No. 4.) Through counsel, petitioner filed an amended petition on November 21, 2012. (ECF No. 13.)

O'Neill filed a third state postconviction petition in May 2015, and in June 2015, this Court granted a stay and administratively closed this case pending the completion of the state-court litigation. (ECF No. 62.) On December 21, 2016, the Court granted

---

[2]The Nevada Supreme Court remanded for an amended judgment of conviction vacating the special sentence of lifetime supervision because it concluded that O'Neill was not convicted of a crime warranting that sentence.

2

O'Neill's motion to reopen the case. (ECF No. 66.) Respondents now move to dismiss several grounds in the first-amended petition as procedurally barred or unexhausted. (ECF No. 68.)

## II. LEGAL STANDARDS

### A. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States

3

Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### B. Procedural Default

28 U.S.C. § 2254(d) provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court

regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*

The *Coleman* court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

**III.  DISCUSSION**

    **A.  Grounds 1(B), 5(A) and 5(B)**

Respondents argue that these three grounds are procedurally defaulted. (ECF No. 68 at 2-4.) In ground 1(B), O'Neill asserts that his Sixth and Fourteenth Amendment rights

to effective assistance of counsel were violated when trial counsel failed to challenge the handwriting expert's testimony on authentication grounds. (ECF No. 13 at 26-29.) In ground 5(A), O'Neill argues that his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel were violated when appellate counsel failed to raise on appeal the claim that the trial court erred in denying the mistrial application after an officer mentioned the parole violation report prepared in this case. (*Id.* at 43-47.) And in ground 5(B), O'Neill argues that his Fifth, Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel were violated when appellate counsel failed to raise on appeal the claim that the prosecution did not properly authenticate the handwriting exemplar that the handwriting expert used for his comparison and thus it was inadmissible. (*Id.* at 47.)

O'Neill presented these claims to the Nevada Court of Appeals in his appeal of the denial of his third state postconviction petition. (Exhs. 221, 229.) The Nevada Court of Appeals affirmed the denial of the petition as procedurally barred because it was untimely, successive and an abuse of the writ. (Exh. 236); NRS § 34.810(1)(b)(2); NRS § 34.810(2). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.810 — is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal grounds 1(B), 5(A) and 5(B) were procedurally barred under NRS § 34.810(1)(b) was an independent and adequate ground to affirm the denial of the claims in the state petition.

O'Neill bears the burden of proving good cause for his failure to present the claim and actual prejudice. *Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485. O'Neill contends that he can demonstrate cause and prejudice to excuse the default of grounds 1(B), 5(A) and 5(B) pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), because he received ineffective assistance of state postconviction counsel.

///

The court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501 U.S. at 750. In *Martinez*, the court established a "narrow exception" to that rule. The court explained that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

The Ninth Circuit has provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

Here, grounds 5(A) and 5(B) are claims of ineffective assistance of appellate counsel. However, in *Davila v. Davis*, the United States Supreme Court declined to expand the "narrow" *Martinez* exception to claims of ineffective assistance of appellate counsel. 137 S.Ct. 2058, 2065 (June 26, 2017). Accordingly, O'Neill cannot demonstrate cause and prejudice under *Martinez* to overcome default of these grounds. Grounds 5(A) and 5(B) are dismissed as procedurally barred.

In ground 1(B), O'Neill asserts that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when trial counsel failed to challenge the handwriting expert's testimony on authentication grounds (ECF No. 13 at 26-29). The

7

*Martinez* analysis with respect to this claim is intertwined, to a large extent, with the analysis of the underlying merit of the claim. As such, the Court will defer ruling on the *Martinez* issue until the merit of the ground is briefed in respondents' answer and O'Neill's reply brief.

### B. Ground 6(A)[3]

O'Neill contends that his sentencing as a habitual criminal violated his Fifth and Fourteenth Amendment due process rights because the six prior felony convictions that the court considered should have been viewed as two sets of three related convictions (thereby making O'Neill eligible for sentencing as a small, rather than large, habitual criminal) ("6(A)"). (ECF No. 13 at 47-50.) He also argues that Nevada's habitual criminal scheme violates the federal constitutional rights set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) requiring that facts for a sentence enhancement be found by a jury (6(B)). *Id.*

Respondents argue that ground 6(A) is unexhausted. (ECF No. 68 at 4-7.) O'Neill presented this claim in his first state postconviction proceedings. (Exh. 53 at 7.) However, the state district court concluded that the claim was procedurally barred because it could have been raised on direct appeal. (Exh. 61); NRS § 34.810(1)(b)(2). O'Neill did not raise this claim to the Nevada Supreme Court in his appeal of the denial of the first state postconviction petition. (*See* Exh. 42.)

In the meantime, however, O'Neill also raised this claim in his motion to modify/correct an illegal sentence. In denying the motion, the state district court specifically stated (incorrectly) that the claim had already been raised and rejected on the merits. (Exh. 123.) O'Neill filed a notice of appeal. The Nevada Supreme Court addressed the issue without briefing and concluded that the district court did not err in denying the claim. (Exh. 154.) This Court agrees with O'Neill that under these circumstances he fairly presented federal ground 6(A) to the state courts. The Court declines to find that this ground is unexhausted.

---

[3]This Court divides ground 6 into grounds 6(A) and 6(B).

## IV. CONCLUSION

It is therefore ordered that respondents' second motion to dismiss (ECF No. 68) is granted in part as follows: (1) grounds 5(A) and 5(B) are dismissed as procedurally barred; (2) a decision on ground 1(B) is deferred; and (3) ground 6(A) is exhausted.

It is further ordered that respondents will have sixty (60) days from the date this order is entered within which to file an answer to the remaining claims in the first-amended petition.

It is further ordered that petitioner will have forty-five (45) days following service of respondents' answer in which to file a reply.

DATED THIS 30th day of January 2018.

MIRANDA DU
UNITED STATES DISTRICT JUDGE